EVANS v. HAYS. ·

1. The competency of a witness may be restored, by executing to him a release from legal liability.
2. Where a party brought assumpsit in the Circuit Court, after his demand had been reduced by direct payments, within the jurisdiction of a Justice of the Peace— held that he pay the costs of suit.
3. In an action of assumpsit against the Sheriff, for fees endorsed on an execution— held, that the execution should be received in evidence, notwithstanding the endorsement was a joint one, for the benefit of the plaintiff and another.

IN ERROR from Cape Girardeau Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

Evans sued Hays in the Circuit Court, for money had and received to and for his use. Evans had judgment before the Circuit Court for $19 66 3-4, and was condemned to pay costs, because his demand was reduced by *direct* payments, within the jurisdiction of a Justice of the Peace. It appeared in evidence that the defendant had been Sheriff; that the money he was charged to have received, was for fees taxed on executions to Evans, as attorney at law ; and that he produced as a witness in this case, one William Garner, who had been his deputy whilst *this* money was said to have been in a state of collection ; and, in order to make Garner competent to testify, he executed to him a release; but that Garner declared that he still felt (98) himself in conscience bound to pay Hays any thing that might be recovered of him in consequence of *his* (Garner's) *being his* (Hay's) deputy.

The plaintiff offered in evidence an execution issued out of the said Court, on which was endorsed an attorney's fee of six dollars; and on which said Evans and one G. A. Bird were marked as attorneys.

The Court admitted Garner to testify, and refused to suffer the execution on which Evans and Bird were marked as counsel, to be received in evidence.

The Court, in our opinion, properly admitted Garner's testimony, after the release made by the defendant. As to the rejection of the execution offered in evidence, more difficulty presents itself.

If it were a demand arising from a contract between the parties, there could be no doubt but it is one created by the operation of a statute law. The Court then is rather inclined to construe the law differently, and to distribute the fee allowed by the statute, equally among those who appear on record to be the attorneys for the successful party. When the names of the counsel are thus endorsed on the writ by the Clerk, the Court will presume that he did it by authority, and will justify the Sheriff for paying each his proportion, unless he be otherwise informed by the attorney feeling himself interested.

The judgment of the Circuit Court, is, for this reason, reversed and remanded. This Court, however, is of opinion, that the Circuit Court d d not err, in sentencing Evans to pay cost, because his demand was reduced by payments within the jurisdiction of a Justice of the Peace.